THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CAYETANO PUIG, Defendant and Appellant.

No. 10157. Argued November 10, 1943.—Decided November 17, 1943.

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The defendant was convicted of illegally practicing medicine in violation of §9, Act No. 22, Laws of Puerto Rico, 1931. He has appealed from the judgment of the district court sentencing him to a fine of $100.

The only substantial question before us is whether the evidence offered by the People was sufficient to support the conviction. The *Fiscal* of this court in his brief makes a fair summary of the testimony as follows:

"That some time during May 1942, the defendant prescribed for Rosa Nieves, a domestic servant in the house of Francisco de León, after asking her for the symptoms that she felt and after she had explained them to him, some injections and syrup; that in order to do this, the defendant, after asking her 'How do you feel?' and

after she replied 'I have a cold and it pains me here', took out a prescription book and made a prescription for her; that the defendant that day was in the house of Francisco de León and the latter, recalling that his servant Rosa Nieves was suffering from a cold and knowing him as a doctor, with an office open to the public in Bayamón and with a shingle, in which office he took care of people who went there to be examined, and prescribed and treated such persons there, asked him to prescribe for her, which he did in the above indicated form; that the said servant knew the defendant as 'Doctor Puig' because he used to announce himself as a doctor; that Francisco de León had visited the defendant on other occasions in his office, on Martí Street and on Barbosa Street on Bayamón, and had one day seen him prescribing and treating a lady who was there, the defendant on that occasion having stated to him 'that he was treating that lady'.

"The testimony likewise established that the defendant was not authorized by the Board of Medical Examiners to practice medicine in Puerto Rico and that his name was not inscribed in the Register of Doctors of that Examining Board. The prescription in question was admitted in evidence.

"The defendant presented no testimony whatsoever."

While the facts of this case lead us to believe that the district attorney might with more diligence have presented a stronger case, we are unable to say that the facts were not sufficient to warrant conviction.

The judgment of the district court will be affirmed.